UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JTG EQUITIES, LLC & JOSHUA GOLDSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>JOEL GREENBERG & JG URBAN R2, LLC,<br><br>Defendants. | No. 18 C 7927<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs JTG Equities ("JTG") and Joshua Goldstein bring this action against defendants Joel Greenberg and JG Urban R2 for breach of contract, fraud, and several related claims based on a loan purchase agreement the parties entered into in 2013. The defendants filed a motion dismiss the claims alleging fraud (Counts III-V).[1] For the following reasons, their motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] The defendants initially moved to dismiss Counts III-X. However, they clarified at a May 14, 2019 status hearing that they are only moving to dismiss Counts III, IV, and V.

1

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

This case arises from a loan purchase agreement between defendant Joel Greenberg and plaintiff JTG. For background, Greenberg was the sole member of the now dissolved company JG Urban R2, LLC. R. 1 ¶ 6. The two members of JTG are plaintiff Joshua Goldstein and JTG Holdings Corp. *Id.* ¶ 1.

In 2013, Greenberg and JTG entered into a loan purchase agreement whereby Greenberg agreed to sell a series of promissory notes to JTG in exchange for $1,800,000. *Id.* ¶ 12-13. The parties further agreed that JTG's interest in the notes would be converted into a 35% voting interest in Urban R2 Development Company (Urban R2), of which JG Urban R2 was a member. *Id.* ¶¶ 10, 17. Meanwhile, JG

2

Urban R2 would relinquish its 35% membership interest in Urban R2 and instead assume a 12% non-voting profit participation interest. *Id.* ¶ 18. In January 2014, JTG paid the final installment of the purchase price and acquired JG Urban R2's 35% interest in Urban R2.[2] *Id.* ¶¶ 21-22.

Prior to entering the agreement, Greenberg provided JTG with a series of documents purporting to represent Urban R2's financial condition. *Id.* ¶ 24. This included a document Greenberg claimed to be Urban R2's balance sheet as of February 2013, which listed Urban R2's assets at $123,705,168 and its liabilities as $2,740,013. *Id.* ¶¶ 25-27. The balance sheet's assets included:

- "Accounts Receivable–Q Lotus" in the amount of $36,421,016;
- "Investment in Chicago Fund, LLC" in the amount of $2,799,628;
- "Investment in Wheeling Project" in the amount of $110,648;
- "Silica Mining Claim" in the amount of $84,000,000

*Id.* ¶ 26. Unbeknownst to JTG at the time, these assets were worthless. *Id.* ¶¶ 29-33. Specifically, Urban R2 had already conveyed its interest in the Chicago Fund to a third party, forfeited its interest in the Wheeling Project for failing to pay required fees, and never had any interest or claim to the Silica mining rights. *Id.* ¶¶ 31-33. Further, Greenberg owned and controlled Q Lotus and knew the company had no ability to pay any portion of the money it owed to Urban R2. *Id.* ¶ 29. The balance sheet also understated Urban R2's liabilities, including listing a "Note Payable-Sterling" in the amount of $640,000 when Urban R2 actually owed Sterling over $10,000,000. *Id.* ¶ 34.

---

[2] The parties agreed to modify the payment schedule in exchange for an increased purchase price of $1,906,000. *Id.* ¶ 20.

Greenberg also provided JTG with a 2011 letter from Green Bear Capital, LCC that valued Urban R2 between $100 million and $187 million based on its investments in the Wheeling Project and the Chicago Fund. *Id.* ¶ 35. Greenberg failed to disclose Urban R2 no longer held those investments. *Id.* In addition, Greenberg gave JTG a business plan representing Urban R2's interest in certain real estate projects when it had no such interests. *Id.* ¶ 36.

JTG and Goldstein allege Greenberg defrauded them by making false statements about Urban R2 and failing to disclose material information prior to entering the loan purchase agreement. They bring this action against Greenberg and JG Urban R2 for breach of contract (Count I), Unjust Enrichment (Count II), fraudulent inducement (Count III), fraudulent misrepresentation (Count IV), fraudulent concealment (Count V), negligent misrepresentation (Count VI), civil conspiracy (Count VII), breach of fiduciary duty (Count VIII), aiding and abetting breach of fiduciary duty (Count IX), and tortious inducement of a breach of fiduciary duty (Count X). The defendants move to dismiss the counts based on fraud (Counts III-V).

**Analysis**

I. Fraudulent Inducement (Count III) and Fraudulent Misrepresentation (Count IV)

A party alleging fraud or mistake "must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, "a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.*

4

*v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). This heightened pleading standard is designed in part to operate "as a screen against spurious fraud claims" and "to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual." *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 748-49 (7th Cir. 2005). Nevertheless, the particularity requirements of Rule 9(b) "must be read in conjunction with Rule 8, which requires a short and concise pleading." *PharMerica Chicago, Inc. v. Meisels*, 772 F. Supp. 2d 938, 955 (N.D. Ill. 2011) (quoting *Gelco Corp. v. Duval Motor Co.*, 2002 WL 31875537, at *6 (N.D. Ill. Dec. 26, 2002)). In a case involving multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.3d 1242, 1247 (2d Cir. 1987)).

The elements of fraudulent inducement are essentially the same as those for fraudulent misrepresentation. Under Illinois law, fraudulent inducement requires proof of five elements: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003) (quotation omitted). Similarly, to prevail on a claim of fraudulent misrepresentation, the plaintiff must establish: "(1) a false statement or

omission of material fact; (2) knowledge or belief of the falsity by the person making it; (3) intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statements; and (5) damage to the other party resulting from such reliance." *PharMerica*, 772 F. Supp. 2d at 957 (quoting *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. App. Ct. 2010)). Moreover, the plaintiff's reliance on the fraud must be reasonable. *Id.* (citing *Minch v. George*, 917 N.E.2d 1169, 1178 (Ill. App. Ct. 2009)).

The defendants argue the plaintiffs failed to state their fraud claims with the particularity required by Rule 9(b). But this ignores plaintiffs' detailed allegations of the defendants' fraudulent representations and omissions regarding Urban R2 including: (1) misrepresenting the company's assets and liabilities on a fraudulent balance sheet; (2) providing plaintiffs with a valuation letter based on investments in which Urban R2 no longer had an interest; and (3) falsely reporting interests in certain real estate projects. The plaintiffs also allege the exact assets and liabilities the defendants misrepresented; namely, Q Lotus; the Chicago Fund; the Wheeling Project; and the Silica mining claim. In short, the plaintiffs allege the "who" (Greenberg and JG Urban R2), the "what" (fraudulently inducing JTG to enter the loan purchase agreement) and the "when, where, and how" (leading up to when the parties signed the loan purchase agreement in 2013 by making false statements and providing false documents about Urban R2's financial position in the form of a balance sheet, valuation letter, and business plan) of the fraud. These allegations easily meet the particularity requirements of Rule 9(b).

Defendants next argue the plaintiffs' fraud claims fail because they do not allege each defendant's individual involvement and knowledge. This argument is equally unavailing. The complaint alleges the "Defendants" committed the fraudulent acts and omissions. While a complaint should allege each defendant's participation in the alleged fraud, the only two defendants in the case are Greenberg and JG Urban R2, and Greenberg was JG Urban R2's sole member. JG Urban R2 likely cannot act except through Greenberg. Thus, Greenberg's acts and omissions are attributable to both defendants and there is no concern the defendants have not adequately been informed of their participation. *See Vicom*, 20 F.3d at 777-78 (explaining that fair notice is perhaps the most basic consideration underlying Rule 9(b) and a complaint should inform each defendant of his or her allegedly fraudulent acts).

In one sentence, the defendants also argue the plaintiffs failed to allege their reasonable reliance on the misrepresentations. This conclusory argument fails. Whether reliance was reasonable is generally a question of fact. *See Mitchell v. Skubiak*, 618 N.E.2d 1013, 1018 (Ill. App. Ct. 1993). Plaintiffs specifically allege they relied on the defendants' misrepresentations and support this by detailing the fraudulent documents they reviewed before entering the loan purchase agreement. This is sufficient to survive a motion to dismiss. Defendants' motion to dismiss Counts III and IV is denied.

II. Fraudulent Concealment (Count V)

The heightened pleading standard of Rule 9(b) also applies to fraudulent concealment claims. To state a claim for fraudulent concealment, in addition to

7

satisfying the elements of fraudulent misrepresentation, a plaintiff must allege that "the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to the plaintiff." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (citing *Weidner*, 932 N.E.2d at 605). A duty to disclose arises if "plaintiff and defendant are in a fiduciary or confidential relationship" or in a "situation where plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff." *Id.* (quoting *Connick v. Suzuki Motor Co.*, 675 N.E.3d 584, 593 (Ill. 1996)). Although mere silence in a business transaction does not amount to fraud, *Heider v. Leewards Creative Crafts, Inc.*, 613 N.E.2d 805, 814 (Ill. App. Ct. 1993), "silence combined with deceptive conduct or the suppression of material facts results in active concealment." *Henderson Square Condo. Ass'n v. LAB Townhomes, L.L.C.*, 16 N.E.3d 197, 216 (Ill. App. Ct. 2014).

Here, plaintiffs allege both the defendants' silence and deceptive conduct. Specifically, plaintiffs allege the defendants provided them with documents outlining Urban R2's investments but failed to disclose that Urban R2 no longer held those investments. *See W.W. Vincent and Co. v. First Colony Life Ins. Co*, 814 N.E.2d 960, 969-70 (Ill. App. Ct. 2004) (reversing circuit court's dismissal of a fraudulent concealment claim and finding there was a duty to disclose that a purported asset had been previously assigned). Further, Greenberg (through JG Urban R2) held a financial interest in Urban R2 during the parties' negotiations. His access to and knowledge of Urban R2's true financial position put him in a position of influence and

8

superiority over the plaintiffs. *See Schrager v. N. Cmty. Bank*, 767 N.E.2d 376, (Ill. App. Ct. 2002) (reversing trial court's order of summary judgment and finding defendants' superior knowledge of the investment and the investors placed them in a position of influence over the plaintiff). Plaintiffs have stated a claim for fraudulent concealment.

Defendants do not argue they did not have a duty to disclose to the plaintiffs. Rather, as with fraudulent inducement and fraudulent misrepresentation, they contend the plaintiffs failed to plead fraudulent concealment with the particularity required by Rule 9(b). For the reasons already stated as to Counts III and IV, this argument fails. Defendants' motion to dismiss Count V is denied.

## Conclusion

For the reasons stated above, the Court denies the defendants' motion to dismiss Counts III, IV, and V of the complaint.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 3, 2019